## OPINION OF THE JUSTICES.

March 5, 1935, the governor and council adopted the following resolution:

"Whereas, Charles M. Dale, duly elected President of the Senate, has through regrettable illness been unable to attend to the duties of his office and

"Whereas, the Senate has pending his disability elected Anson C. Alexander as President pro tem, and

"Whereas, the Governor has occasion and will in the future be required to leave the state upon important business relating to the state, and

"Whereas, doubt exists in the minds of the Governor and Council concerning who will fill the chair of the Governor in his absence from the state, and

"Whereas, it is desired that this doubt shall be resolved, now, therefore,

"Be it resolved upon motion duly made and carried by the Governor and Council that the opinion of the Justices of the Supreme Court be requested upon the following question upon this solemn occasion: When the chair of the Governor shall become vacant should the temporary president of the Senate duly elected as such by the Senate have and exercise powers and authority vested in the Governor when personally present or should such powers and authority be vested in the Speaker of the House of Representatives.

"Meaning and intending to inquire as to the proper interpretation of Section 49 of the State Constitution."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

In answer to your resolution of even date, it is our opinion that by article 49 of the constitution the speaker of the house, and not the

president *pro tempore* of the senate, shall fill a vacancy in the chair of the governor when the chair of the president of the senate is also vacant. The chair of the governor is vacant when, among other reasons, he is absent from the state or under such disability, permanent or temporary, that a substitute is needed to discharge his official duties (*Attorney-General* v. *Taggart,* 66 N. H. 362), and a like vacancy exists in the chair of the president of the senate when he is also disabled.

The constitution is explicit that the speaker of the house "shall, during such vacancies, have and exercise all the powers and authorities" of the governor.

The chair of president *pro tempore* of the senate is not a constitutional office in the sense that the constitution makes specific provisions for it. He is only one of "other officers" besides the president whom the senate may appoint (Constitution, Part II, *art.* 37), and his office, however far he may act as the president's substitute, includes no authority to act as the president's substitute for others.

> JOHN E. ALLEN.
> THOMAS L. MARBLE.
> OLIVER W. BRANCH.
> PETER WOODBURY.